CULPEPPER, Judge.
This case is consolidated with Dupre v. Darbonne, 266 So.2d 556, in which a separate decree is being rendered. Plaintiffs are Marius Dupre, the driver, and Joyce F. Dupre, the passenger, in an automobile which backed onto the highway. It was struck by an approaching vehicle being driven by the defendant, Norman Dar-bonne. The district judge found the accident was caused solely by the negligence of the defendant. The defendant appealed.
The collision occurred on U. S. Highway 167 in Evangeline Parish. At this point, the highway runs generally east and west, is paved, and has one lane for traffic in each direction. Chapman’s Bar, a building approximately 80 feet in width, is located near the south side of the highway. There is a parking lot for vehicles in front of the bar.
The time was approximately 10:00 p. m., during hours of darkness. The weather was clear and dry.
The vehicle driven by the plaintiff, Marius Dupre, was parked in the parking lot, with its rear only 8 or 10 feet from the south edge of the pavement. He backed into the west bound lane of the highway, where the rear of his vehicle was struck by the automobile being driven by the defendant in a westerly direction. Dupre described the accident as follows:
“Q. You didn’t back out without looking?
A. No sir, I seen the lights coming at the curve there and I had enough time to back and make it.
Q. Did you make it?
A. Well I had backed and I was on my side and I had pulled up a little and he struck me. He didn’t try to bypass me, he just struck me in the back. I don’t know if he was afraid to hit the cars that was in front of that place or what but he didn’t by-pass me.
Q. How long did it take you to back from in front of the place to where you were?
A. Well it didn’t take me long because I — I just — I was parked in front and I backed up a piece from that driveway then I pulled out.”
* * * * *
“A. I did it fast. I backed .in a hurry and I pulled up.”
Joyce F. Dupre, who was a passenger on the front seat of plaintiff’s vehicle, did not see defendant’s approaching vehicle before impact. However, her testimony is the same as that of Marius Dupre in that *555 she said they backed out and then went forward “a few feet” before they were struck.
The defendant testified he was driving approximately 45 miles per hour and saw the vehicle backing into his path. He immediately applied his brakes but was unable to avoid the collision. Darbonne described the accident as follows:
“Q. What did you do when you saw he was backing in front of you. Mr. Darbonne ?
A. Well, I put the brakes and I was hitting him at the same time.” *****
“Q. Alright. Now when you saw the car back out on the pavement to go back towards Ville Platte, why didn’t you stop or go around him?
A. I couldn’t stop when it backed. When I seen it, it was across the road, backed .... didn’t even have enough time to put my brakes on.
Q. You say you didn’t have time to put your brakes on ?
A. I didn’t . . . . I hit the brakes but when I hit my brakes I was hitting them.”
Plaintiffs’ theory of the case is that they had backed onto the highway when defendant was a safe distance away. And that they had gone “some distance” in a westerly direction before being struck by defendant who was not keeping a proper lookout.
The evidence does not support this contention. Marius Dupre testified he “pulled up a little and he struck me.” He estimated the distance at 20 or 30 feet. Joyce Dupre said they had gone forward “a few feet”, when they were struck. The physical facts show that the front of Chapman’s Bar is about 80 feet in width. Marius Dupre testified that the point of impact was in front of the building and that after the impact his car went into the ditch on the north side of the highway about opposite the middle of Chapman’s Bar. After the impact, defendant’s vehicle came to rest in the west bound lane very near the point of impact. There is simply no evidence to show that plaintiff’s vehicle had traveled in a westerly direction “some distance” before being struck.
Plaintiffs also contend defendant was traveling at an excessive rate of speed. The record does not show defendant was exceeding any legal speed limit, or that he was driving at an unreasonable speed under the circumstances. Defendant says he was going about 45 miles per hour. The fact that he was able to stop almost immediately at the point of impact, and that plaintiff’s vehicle went into the ditch only a few feet past the point of impact, indicates there was no excessive speed involved.
Finally, plaintiffs contend that even if Marius Dupre was negligent at any time before the accident, his negligence had become passive and was not a contributing legal cause. In Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962) our Supreme Court rejected the concept of passive negligence, which places undue emphasis on the chronology of the negligent acts, and insulates the first wrongdoer from liability.
The law applicable here is set forth in LSA-R.S. 32:124 as follows:
“The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. Acts 1962, No. 310, § L”
Applying these rules of law to the facts of the present case, it is clear that this accident was caused solely by the negli *556 gence of Marius Dupre. He was executing an extremely hazardous maneuver and had a corresponding heavy duty of care. He backed out of a private driveway, during darkness, onto a main traffic artery, at a time when defendant’s approaching vehicle was so close as to constitute an immediate hazard. Defendant could not avoid the accident.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now entered in favor of the defendant, dismissing plaintiffs’ suit at their cost. All costs in the trial and appellate courts are assessed against the plaintiffs appellees.
Reversed and rendered.